IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Riley, | ) | C/A No. 3:22-cv-409-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| United States Bankruptcy Court, | ) | |
| Honorable David R. Duncan, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Charles Riley ("Plaintiff"), proceeding *pro se*, filed this action alleging fraud and other claims relating to his bankruptcy case in the Bankruptcy Court for the District of South Carolina, C/A No. 09-4740-DD ("Bankruptcy Case"). *See* [ECF No. 1, Compl.] This matter is before the court for review of the March 15, 2022 Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) (the "Report"). [ECF No. 5.] In the Report, the Magistrate Judge recommends summary dismissal of this action with prejudice. Plaintiff filed objections to the Report on March 30, 2022. [ECF Nos. 8, 9.] The matter is now ripe for consideration by this court.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleadings] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

In Plaintiff's 69 pages of objections, he fails to point the court to a specific error in Magistrate Judge's Report or address her *substantive* findings. He spends a large portion of his objections asserting baseless, general allegations that the Magistrate Judge is unqualified and failed to follow the law. He alleges that the Report contains false and fraudulent statements. *See* [ECF No. 8 at pp. 14, 18.] Plaintiff, however, does not specifically identify which statements are false or fraudulent. Nor does he demonstrate how the alleged falsity impacts the Report's finding that the allegations in his Complaint do not state a plausible claim for relief or otherwise invoke federal subject-matter jurisdiction. Plaintiff's objections, therefore, are overruled.

Next, in response to the Magistrate Judge's finding that this court lacks diversity jurisdiction over the complaint, Plaintiff incorrectly asserts that the burden is on the Magistrate Judge to demonstrate that such jurisdiction exists. *See* [ECF No. 8 at pp. 21–22.] Nevertheless, he appears to admit that that the amount in controversy has not been shown to exceed $75,000. *Id.* (stating the Magistrate Judge "failed sufficiently to demonstrate that the amount in controversy exceeds $75,000"). More importantly, Plaintiff does not object to the Report's finding that there is a not complete diversity of citizenship because Plaintiff and multiple named Defendants appear to be citizens of South Carolina. *See* [ECF No. 5 at pp. 5–6.] Thus, any objection to the Report's finding that the court lacks diversity jurisdiction is overruled.

Finally, the court turns to Plaintiff's motion for recusal of the Magistrate Judge, which he includes in his objections.[1] The motion is moot because this matter is no longer before the Magistrate Judge; it is before the undersigned. *See Hubbard v. Stirling*, No. 8:19-cv-1314-SAL, 2021 WL 2102917, at *2 (D.S.C. May 25, 2021). To the extent Plaintiff believes the Magistrate Judge's Report contains a dispositive ruling, he is incorrect. The court reiterates that the Magistrate Judge's Report only recommends summary dismissal, and the responsibility to make a final determination remains with the undersigned judge. *See supra* p.1 (citing *Mathews*, 423 U.S. at 270). Furthermore, the court notes that even if this matter were still before the Magistrate Judge, Plaintiff asserts no persuasive grounds for disqualification. Accordingly, Plaintiff's motion for recusal is denied.

---

[1] Plaintiff's objections and motion for recusal were filed as two separate docket entries. *See* ECF Nos. 8, 9. However, ECF Nos. 8 and 9 are the same filing, containing Plaintiff's objections and motion for recusal in one 69-page document (in addition to the attached exhibits).

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standards of law, the Court adopts the Report, ECF No. 5, and incorporates the Report by reference herein. Accordingly, Plaintiff's complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff's motion for recusal, ECF No. 9, is **DENIED.**

    **IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

August 4, 2022
Columbia, South Carolina

4